

2202 Alabama Street
Houston, Texas 77004
832-767-3650(p) 832-554-9981(f)
texascivilrightsproject.org

October 4, 2020

VIA CM/ECF

Mr. Lyle W. Cayce, Clerk
U.S. Court of Appeals for the Fifth Circuit

Re: No. 20-50774, *Richardson, et al. v. Texas Secretary of State*

Dear Mr. Cayce:

Plaintiffs-Appellees ("Plaintiffs") provide this Rule 28(j) response to supplemental authorities identified by Defendant-Appellant Texas Secretary of State ("Defendant SOS"). Dkt. 00515588273. Defendant SOS points the Court to a stay granted in *Texas Alliance for Retired Americans v. Hughs*, No. 20-40643 (5th Cir. Sept. 30, 2020) ("*TARA*"), but the case is inapplicable to the injunction at issue here.

Plaintiffs in their briefing in this Court and at the district court below— and the district court's order denying Defendant SOS's motion to stay— show why *TARA* is inapposite. ROA.5545–5561, 5582–5590; Dkt. 00515562924 at 25–27; *see also* ROA.5427, 5443–48. Unlike *TARA*, the injunction here will not "substantially disturb the election process," as measured by: "the potential for voter confusion" and "interference with [the State's] ongoing election preparation." *Thomas v. Bryant*, 919 F.3d 298, 315 (5th Cir. 2019). The injunction in *TARA* required the reprinting and reprogramming of ballots, which the Fifth Circuit held would likely result in election official and voter confusion. Dkt. 00515588273, Ex. A at 6–8. The issues with the injunction in *TARA* are not present here. The narrowly-tailored injunction in this case is rooted in existing law and processes championed by Defendant SOS at the district court, and the injunction changes nothing in terms of how voters submit mail-in ballots.



2202 Alabama Street
Houston, Texas 77004
832-767-3650(p) 832-554-9981(f)
texascivilrightsproject.org



Plaintiffs also filed this case more than a year before the upcoming election, not in August 2020 like *TARA's* current plaintiffs. *Id.* at 2. Additionally, the injunction here results from cross-motions for summary judgment filed after completing discovery, not from a motion for preliminary injunction as in *TARA. Id.*

Plaintiffs further note that Texas courts and the State do not appear concerned with the issues raised in Defendant SOS's Rule 28(j) letter, given the Texas Supreme Court's order in *In Re Green Party of Texas*[1] requiring the reprinting and reprogramming of ballots to add candidates, and the Texas Governor issuing a proclamation changing election procedures on less than one-day notice to counties and voters.[2]

Respectfully submitted,

Hani Mirza
Counsel for Plaintiffs

---

[1] No. 20-0708 (Tex. Sept. 15, 2020) (*Available at* https://www.txcourts.gov/media/1449710/supreme-court-of-texas-orders-09-15-2020.pdf).

[2] Oct. 1, 2020 Proclamation, Office of the Texas Governor, *available at* https://gov.texas.gov/uploads/files/press/PROC_COVID-19_Nov_3_general_election_IMAGE_10-01-2020.pdf.