# In the United States Court of Appeals for the Fifth Circuit

---

DOCTOR GEORGE RICHARDSON; ROSALIE WEISFELD; MOVE TEXAS CIVIC FUND; LEAGUE OF WOMEN VOTERS OF TEXAS; AUSTIN JUSTICE COALITION; COALITION OF TEXANS WITH DISABILITIES,

*Plaintiffs-Appellees*,

*v.*

FEDERICO FLORES, JR.; MARIA GUERRERO; VICENTE GUERRERO,

*Movants-Appellants*,

*v.*

TEXAS SECRETARY OF STATE, RUTH R. HUGHS,

*Defendant-Appellant-Appellee.*

---

On Appeal from the United States District Court
for the Western District of Texas, San Antonio Division

---

## APPELLEE'S BRIEF FOR TEXAS SECRETARY OF STATE

---

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

JUDD E. STONE II
Solicitor General

MATTHEW H. FREDERICK
Deputy Solicitor General

BETH KLUSMANN
Assistant Solicitor General
State Bar No. 24036918
Beth.Klusmann@oag.texas.gov

Counsel for Texas Secretary of State

# CERTIFICATE OF INTERESTED PERSONS

No. 20-50774
DOCTOR GEORGE RICHARDSON; ROSALIE WEISFELD;
MOVE TEXAS CIVIC FUND; LEAGUE OF WOMEN VOTERS OF
TEXAS; AUSTIN JUSTICE COALITION; COALITION OF TEXANS
WITH DISABILITIES,
*Plaintiffs-Appellees*,
*v.*
FEDERICO FLORES, JR.; MARIA GUERRERO; VICENTE GUERRERO,
*Movants-Appellants*,
*v.*
TEXAS SECRETARY OF STATE, RUTH R. HUGHS,
*Defendant-Appellant-Appellee.*

Under the fourth sentence of Fifth Circuit Rule 28.2.1, the Texas Secretary of

State, as a governmental party, need not furnish a certificate of interested persons.

/s/ Beth Klusmann
BETH KLUSMANN
*Counsel of Record for Texas Secretary of State*

## Statement Regarding Oral Argument

The intervention question raised in the *Flores* Plaintiffs' appeal does not warrant oral argument. But, as explained in the Secretary's appellant's brief, the constitutional issues raised in the Secretary's appeal do merit oral argument. Should the Court choose to hold oral argument in this case, it should expand the time so that all parties may present argument on all the issues raised.

# TABLE OF CONTENTS

Page

Certificate of Interested Persons .................................................................i

Statement Regarding Oral Argument ........................................................ii

Table of Authorities .................................................................................iv

Introduction ............................................................................................. 1

Statement of Jurisdiction ......................................................................... 1

Issue Presented .........................................................................................2

Statement of the Case ...............................................................................2

    I.    The *Richardson* Litigation ...........................................................2

    II.   The *Flores* Plaintiffs' Motion to Intervene ................................4

    III.  The District Court's Ruling..........................................................5

Summary of the Argument.........................................................................6

Argument...................................................................................................7

    I.    The District Court's Denial of Permissive Intervention Is
        Reviewed Under a Clear-Abuse-of-Discretion Standard. ...........7

    II.   The District Court Did Not Clearly Abuse Its Discretion by
        Denying the *Flores* Plaintiffs' Motion to Intervene...................10

        A.   The *Flores* Plaintiffs' motion was untimely......................... 11

        B.   The district court did not clearly abuse its discretion in
           determining that intervention would prejudice the *Richardson*
           Plaintiffs.............................................................................. 16

        C.   The *Richardson* Plaintiffs adequately represent the *Flores*
           Plaintiffs' interests. ............................................................ 16

    III.  The Court Should Dismiss the *Flores* Plaintiffs' Appeal. ......... 17

Conclusion............................................................................................... 18

Certificate of Service............................................................................... 19

Certificate of Compliance ....................................................................... 19

# Table of Authorities

Page(s)

**Case:**

*Brumfield v. Dodd,*
749 F.3d 339 (5th Cir. 2014)......................................................................9

*Cadle Co. v. Whataburger of Alice, Inc.,*
174 F.3d 599 (5th Cir. 1999) ..............................................................7, 9

*Edwards v. City of Houston,*
78 F.3d 983 (5th Cir. 1996)............................................... 1, 2, 7, 8, 17

*Korioth v. Briscoe,*
523 F.2d 1271 (5th Cir. 1975)...................................................................8

*League of United Latin Am. Citizens, Council No. 4434 v. Clements,*
884 F.2d 185 (5th Cir. 1989)............................................................ 11, 17

*In re Lease Oil Antitrust Litig.,*
570 F.3d 244 (5th Cir. 2009).....................................................................9

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,*
732 F.2d 452 (5th Cir. 1984).....................................................................8

*Richardson v. Flores,*
979 F.3d 1102 (5th Cir. 2020)......................................................... 6, 15

*Richardson v. Tex. Sec'y of State,*
978 F.3d 220 (5th Cir. 2020).....................................................................6

*Save Power Ltd. v. Syntek Fin. Corp.,*
121 F.3d 947 (5th Cir. 1997) .........................................................5, 9, 13

*Sierra Club v. Espy,*
18 F.3d 1202 (5th Cir. 1994) ....................................................................9

*Sommers v. Bank of Am., N.A.,*
835 F.3d 509 (5th Cir. 2016)............................................................1, 13

*St. Bernard Par. v. Lafarge N. Am., Inc.,*
914 F.3d 969 (5th Cir. 2019)....................................... 8, 11, 12, 13, 14, 15

*Texas v. United States,*
805 F.3d 653 (5th Cir. 2015).....................................................................9

*United States v. City of New Orleans,*
540 F. App'x 380 (5th Cir. 2013) ...........................................................8

*W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*,
   751 F.2d 721 (5th Cir. 1985) ................................................................10

## Statutes and Rules:

28 U.S.C. § 1331 ................................................................................1

42 U.S.C. § 1983 ................................................................................1

Tex. Elec. Code:
   § 87.027(i) ..................................................................................2
   § 87.041(b)(2) ............................................................................2

Fed. R. Civ. P.:
   24 ..............................................................................................8
   24(a) ......................................................................................8, 9
   24(b) ..................................................................... 7, 8, 10, 11, 16
   24(b)(1) ...............................................................................7, 10
   24(b)(3) ..................................................................................11

Fifth Circuit Rule 28.2.1 .....................................................................i

## Other Authorities:

Pls.' Re-urged Mot. for Entry of J. or in the Alternative Mot. for
   Transfer, Consol., or Stay, *Flores v. Hughs*,
   No. 7:18-CV-00113 (S.D. Tex. Aug. 26, 2020) ...................................10

Second Am. Compl., *Flores v. Hughs*,
   No. 7:18-CV-00113 (S.D. Tex. May 9, 2019) ..................... 4, 11, 15, 17

7C Wright & Miller, *Federal Practice and Procedure* § 1913 (2021) ............8

# INTRODUCTION

The district court's decision to deny the *Flores* Plaintiffs' motion for permissive intervention—when such request was explicitly and solely for the purpose of trying to stay the underlying litigation—was not a clear abuse of discretion. Despite becoming aware of this case shortly after it was filed, the *Flores* Plaintiffs waited ten months before asking to intervene and stay all proceedings so that their case could reach judgment first under the first-to-file rule. During that delay, the parties in this case proceeded through discovery and summary-judgment briefing, rendering the *Flores* Plaintiffs' last-minute invocation of the first-to-file rule largely useless. The district court did not clearly abuse its discretion in denying the *Flores* Plaintiffs' belated request to intervene. Because appellate jurisdiction over the *Flores* Plaintiffs' appeal is provisional, their failure to show an abuse of discretion means that the Court lacks appellate jurisdiction. The Court should dismiss the *Flores* Plaintiffs' appeal.

# STATEMENT OF JURISDICTION

Subject-matter jurisdiction over the underlying lawsuit exists under 28 U.S.C. § 1331, as the *Richardson* Plaintiffs brought constitutional challenges under 42 U.S.C. § 1983, as well as claims under other federal laws. ROA.27-52. Appellate jurisdiction over the *Flores* Plaintiffs' appeal of the denial of their request for permissive intervention is provisional: if the district court's denial of intervention was not an abuse of discretion, the Court must dismiss the appeal for lack of jurisdiction. *Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 512 (5th Cir. 2016); *Edwards v. City of Houston*, 78 F.3d 983, 992 (5th Cir. 1996) (en banc) (describing this "anomalous rule"). If,

however, the district court abused its discretion, the Court retains jurisdiction and must reverse the intervention ruling. *Edwards*, 78 F.3d at 992. For the reasons described below, the district court did not clearly abuse its discretion, so appellate jurisdiction is lacking.

## ISSUE PRESENTED

After the parties in this suit finished discovery and summary-judgment briefing, the *Flores* Plaintiffs sought permissive intervention for the sole purpose of staying further district-court proceedings so their separate lawsuit could reach judgment first. The issue presented is whether the district court clearly abused its discretion in denying the *Flores* Plaintiffs' motion for permissive intervention.

## STATEMENT OF THE CASE

### I. The *Richardson* Litigation

As described in the Secretary of State's appellant's brief, this case concerns Texas's signature-verification laws, which require local election officials to determine whether an individual's signature on a mail-in-ballot application and the envelope containing the mail-in ballot were made by the same person. Sec'y of State Appellant's Br. 3-7; *see also* Tex. Elec. Code §§ 87.027(i), .041(b)(2). Plaintiffs in this case (the *Richardson* Plaintiffs) challenged this election-integrity measure in a suit filed on August 7, 2019. ROA.27-52.[1] They asserted that Texas's signature-

---

[1] Plaintiffs in this suit are George Richardson, Rosalie Weisfeld, MOVE Texas Civic Fund, League of Women Voters of Texas, Austin Justice Coalition, and Coalition of Texans with Disabilities. ROA.30-38. The American GI Forum of Texas, Inc. was originally a plaintiff but voluntarily dismissed its claims. ROA.390-93.

verification laws violate the Due Process Clause, the Equal Protection Clause, the Americans with Disabilities Act, and the Rehabilitation Act. ROA.44-50.

The *Richardson* Plaintiffs sued the Texas Secretary of State (now Ruth Hughs), Trudy Hancock (the Brazos County Elections Administrator), and Perla Lara (City Secretary of the City of McAllen).[2] ROA.38. The *Richardson* Plaintiffs sought either (1) an injunction prohibiting the State, all counties in Texas, and all political subdivisions from enforcing the signature-verification laws; or (2) an injunction requiring the State, all counties in Texas, and all political subdivisions to provide meaningful notice that a ballot will be rejected under the signature-verification procedures and an opportunity to cure the signature defect. ROA.50.

Defendants filed separate motions to dismiss, ROA.115-21, 127-55, which the district court denied in December 2019, ROA.255-87. The district court also issued a scheduling order with a discovery deadline of April 17, 2020, a dispositive-motion deadline of May 15, 2020, and a trial date of August 3, 2020. ROA.253-54. In April 2020, the parties agreed to push the discovery deadline to May 22, the dispositive-motion deadline to June 22, and trial to September 28. ROA.389.

The parties filed motions for summary judgment on June 22, 2020. ROA.398-438 (Lara), 439-1380 (*Richardson* Plaintiffs), 1381-1498 (Hancock), 1505-2036 (Secretary). Summary-judgment briefing was completed on July 13. ROA.2431-38, 2443-536. The district court then ordered the parties to file complete copies of each

---

[2] The individual Plaintiffs (Richardson and Weisfeld) live in Brazos County and the City of McAllen, respectively. ROA.30-32.

deposition cited, including all exhibits. ROA.2545-46. The parties complied. ROA.2547-5107. On August 21, the court requested additional briefing on remedy, ROA.5255-59, which the parties provided. ROA.5260-67, 5337-85, 5390-451.

## II. The *Flores* Plaintiffs' Motion to Intervene

On August 17, 2020, after discovery and summary-judgment briefing was complete in this case and less than a week before the court requested remedy briefing, the *Flores* Plaintiffs filed a motion for permissive intervention.[3] ROA.5112-239. The *Flores* Plaintiffs' sole purpose in seeking to intervene was to obtain a stay of this litigation under the first-to-file rule so that their similar litigation could reach judgment first. ROA.5112.

As they explained in their motion, the *Flores* Plaintiffs filed a lawsuit in the Southern District of Texas that challenged the constitutionality of Texas's signature-verification laws under the Fourteenth Amendment. ROA.5112; Second Am. Compl. ¶¶ 46-59, *Flores v. Hughs*, No. 7:18-CV-00113 (S.D. Tex. May 9, 2019) (raising right-to-vote, equal-protection, and due-process challenges). The *Flores* lawsuit was filed in April 2018, although the current plaintiffs did not join until November 2018. ROA.5113-14. The *Flores* Plaintiffs filed a motion for summary judgment in November 2018, an amended motion in July 2019, and a second amended motion in April 2020. ROA.5128-30.

---

[3] The *Flores* Plaintiffs are Federico Flores, Jr., Maria Guerrero, and Vicente Guerrero. ROA.5112.

The *Flores* Plaintiffs' requested intervention was based on their theory that, because their lawsuit was filed first, they had a right to have it decided first. ROA.5132-42. They also expressed concern that the remedy proposed in this case was inferior to the remedy they sought in their lawsuit. ROA.5271.

## III. The District Court's Ruling

In its order granting partial summary judgment and injunctive relief, the district court denied the *Flores* Plaintiffs' request to intervene for the purpose of staying this litigation, giving three primary reasons for doing so. ROA.5546-47.

***First***, the district court concluded that the *Flores* Plaintiffs' motion was untimely and would prejudice the parties. ROA.5546. The court found that the *Flores* Plaintiffs had been aware of the *Richardson* litigation since October 2019 but waited until August 2020 to seek to intervene. ROA.5546. The court determined that permitting intervention for the purpose of staying the case would prejudice the *Richardson* Plaintiffs. ROA.5546. Moreover, because the parties had already taken "substantial steps" and the court had expended "vast judicial resources" to address the summary-judgment motions, delaying the case would not promote efficiency. ROA.5546.

***Second***, the district court determined that the *Flores* court was unlikely to act in advance of the November 2020 election. ROA.5546. It observed how long the summary-judgment motions in the *Flores* case had been pending and that two motions for entry of judgment had been filed by the *Flores* Plaintiffs with no ruling. ROA.5546. The court further recognized that, despite being the first-filed court, the *Flores* court had taken no action to stop the *Richardson* case from proceeding. ROA.5546-47 (citing *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) ("[T]he

court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed.")). Instead, the *Flores* court stated it would "gladly" wait for the *Richardson* court to decide the issues. ROA.5546.

*Third*, the district court explained that it was issuing only partial relief in advance of the November 2020 election. ROA.5547. If the *Flores* Plaintiffs believed the relief did not go far enough, they could seek broader relief from the *Flores* court. ROA.5547. Because the *Richardson* Plaintiffs did not have any other option to seek relief if the *Flores* court did not act in advance of the November 2020 election, the district court concluded that a stay would prejudice their rights. ROA.5547.

The court then invited the *Flores* Plaintiffs to seek intervention at a later point if they wished to participate in a hearing on whether additional, permanent injunctive relief was appropriate. ROA.5547.

The State appealed the grant of injunctive relief and obtained a stay pending appeal. *Richardson v. Tex. Sec'y of State*, 978 F.3d 220, 243 (5th Cir. 2020). The *Flores* Plaintiffs also appealed the denial of their requested intervention, ROA.5602-03, and the appeals have been consolidated. The *Flores* Plaintiffs sought to intervene directly in the State's appeal, but the Court denied that request. *Richardson v. Flores*, 979 F.3d 1102, 1106 (5th Cir. 2020).

## Summary of the Argument

The *Flores* Plaintiffs' motion to intervene was inextricably linked to their request to stay the proceedings in this case, and the district court's denial of their motion properly took that into account. The *Flores* Plaintiffs wanted their case to be decided

first. But instead of taking any prompt action to make that happen—such as asking the *Richardson* court to stay the proceedings prior to the parties and the court spending vast resources on the case—the *Flores* Plaintiffs waited for ten months. It was only when it appeared that the *Richardson* litigation might pull ahead of their lawsuit that the *Flores* Plaintiffs acted. This delay and its consequences support the district court's denial of the motion to intervene. This is especially so given the high standard the *Flores* Plaintiffs must meet to obtain reversal—a clear abuse of discretion. They have not met that standard, which means that this Court lacks appellate jurisdiction and must dismiss the *Flores* Plaintiffs' appeal.

## ARGUMENT

### I. The District Court's Denial of Permissive Intervention Is Reviewed Under a Clear-Abuse-of-Discretion Standard.

The *Flores* Plaintiffs sought permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1); ROA.5112. The district court denied that request, ROA.5546-47, and that decision can be reversed only for a clear abuse of discretion, *Edwards*, 78 F.3d at 995. Moreover, the *Flores* Plaintiffs sought to intervene for the sole purpose of obtaining a stay under the first-to-file rule, ROA.5112, the application of which is subject to the abuse-of-discretion standard of review. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). It cannot be a clear abuse of discretion to deny permissive intervention when the

7

purpose of that intervention was to seek relief that is itself reviewed only for an abuse of discretion.

**A.** A district court's decision on permissive intervention is "wholly discretionary." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir. 1984); 7C Wright & Miller, *Federal Practice and Procedure* § 1913 (2021). As Rule 24(b) of the Federal Rules of Civil Procedure states, a court "may"—not "must"—permit intervention if the Rule 24(b) elements are met.

Denial of permissive intervention is, therefore, reviewed for a clear abuse of discretion. *St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 973 (5th Cir. 2019). This Court will reverse the district court only under "extraordinary circumstances." *Id.* (quoting *Edwards*, 78 F.3d at 995); *see also United States v. City of New Orleans*, 540 F. App'x 380, 381 (5th Cir. 2013) (per curiam) (explaining "[t]his is a tough standard to meet"). Thus, the question on appeal is not whether "the factors which render permissive intervention appropriate under Federal Rule of Civil Procedure 24(b) were present," but instead whether "the trial court committed a clear abuse of discretion in denying the motion." *Korioth v. Briscoe*, 523 F.2d 1271, 1278 (5th Cir. 1975); *see also New Orleans Pub. Serv.*, 732 F.2d at 470-71 (collecting cases).

The *Flores* Plaintiffs attempt to lower that standard, arguing that all doubts should be resolved in favor of granting intervention, that Rule 24 should be liberally construed, and that intervention should be allowed when no one would be hurt and greater justice attained. Flores Br. 22, 23. But the cases they cite all involve intervention as of right under Rule 24(a), which *requires* a court to allow intervention when a party's interest in the property or transaction at issue might be impaired by the

party's inability to protect its interests through intervention. Fed. R. Civ. P. 24(a); *see* Flores Br. 22, 23 (citing *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015); *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014); *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 248 (5th Cir. 2009); *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)). It would be inappropriate to import the interpretive standards for intervention of right, in which a party's rights are at stake, for permissive intervention, which is wholly discretionary and in which the parties merely share a claim or defense with a common question of law or fact. This Court should not deviate from the high standard for review that it has set for permissive-intervention rulings.

**B.** Layered on top of this clear-abuse-of-discretion standard is yet another abuse-of-discretion standard: The *Flores* Plaintiffs sought to intervene only to stay the litigation based on their understanding of the first-to-file rule. ROA.5112, 5132-42. But application of that rule is discretionary as well and is reviewed only for an abuse of discretion. *Cadle Co.*, 174 F.3d at 603.

The first-to-file rule provides that "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Id.* And while the second-filed court may refuse to proceed, this Court "adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd.*, 121 F.3d at 950.

The first-to-file rule is grounded in principles of comity and sound judicial administration. *Id.* "The concern manifestly is to avoid the waste of duplication, to

avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 (5th Cir. 1985). Thus, the *Flores* Plaintiffs' decision to wait ten months before asking the second-filed court (the *Richardson* court) to stay proceedings had consequences: Allowing this case to proceed eliminated any opportunity to avoid wasteful duplication of efforts. Moreover, because the *Flores* court appears to have ceded its first-to-file position to the *Richardson* court, there should be no inconsistent results or struggle for authority.[4]

The *Flores* Plaintiffs, therefore, are left to argue that the district court clearly abused its discretion by not allowing them to intervene and invoke the first-to-file rule, which is itself governed by the abuse-of-discretion standard. They have not met this burden.

## II. The District Court Did Not Clearly Abuse Its Discretion by Denying the *Flores* Plaintiffs' Motion to Intervene.

Rule 24(b) gives courts the discretion to allow anyone to intervene if they file a "timely motion" and have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). But in exercising its

---

[4] The *Flores* Plaintiffs waited until August 26, 2020 (nine days after seeking to intervene in this case), before asking the *Flores* court (the first-filed court) to transfer, consolidate, or stay the *Richardson* litigation. Pls.' Re-urged Mot. for Entry of J. or in the Alternative Mot. for Transfer, Consol., or Stay at 14, *Flores v. Hughs*, No. 7:18-CV-00113 (S.D. Tex. Aug. 26, 2020). That motion remains pending as of the date of this filing.

discretion, a court must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* 24(b)(3). This Court has distilled the requirements of Rule 24(b) into three elements: "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989).

As to the second element, there is no dispute that there are similar claims and defenses: The *Flores* Plaintiffs and *Richardson* Plaintiffs have the same due-process and right-to-vote theory regarding Texas's signature-verification laws. *Compare* Second Am. Compl. ¶¶ 46-51, *Flores v. Hughs*, No. 7:18-CV-00113 (S.D. Tex. May 9, 2019), *with* ROA.27-52. And both cases suffer from the same jurisdictional defects and failure on the merits. *Compare* ROA.5189-237, *with* ROA.1505-37. Thus, the district court's denial of intervention turned on the timing of the intervention and prejudice to the parties. ROA.5546-47. The district court did not clearly abuse its discretion in determining that those elements favored denying the request to intervene.

## A. The *Flores* Plaintiffs' motion was untimely.

"Like intervention of right, permissive intervention must be timely." *St. Bernard Par.*, 914 F.3d at 976. In deciding whether intervention is timely, courts look at four factors:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it

petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Id.* at 974; *see also id.* at 976 (noting that the timeliness requirement is the same for intervention of right and permissive intervention).

**1.** As to the first factor, the *Flores* Plaintiffs waited ten months after learning of their first-to-file interest in this case before asking to intervene. At a hearing in October 2019 in the *Flores* case, counsel for the Secretary informed the *Flores* court of the recently filed *Richardson* litigation. ROA.5168-71. Although the *Flores* court offered to "wait" for the *Richardson* litigation, no party requested that relief. ROA.5169. But the court advised the parties to watch the *Richardson* litigation closely. ROA.5170. Had the *Flores* Plaintiffs done so, they would have seen the *Richardson* court's denial of the motions to dismiss, the scheduling orders and deadlines, and the summary-judgment motions. *See supra* pp. 3-4. But it was only when the *Richardson* court was on the cusp of ruling on the merits that the *Flores* Plaintiffs sought to intervene and halt the litigation, claiming it should have never moved forward. The district court properly declined to reward this lack of diligence with a grant of intervention.

The *Flores* Plaintiffs offer two explanations for this delay. Neither has merit. First, they assert that the *Richardson* parties had an obligation to tell the *Richardson* court to stand down. Flores Br. 26-27. But they point to no precedent that places an

obligation on the parties in the second-filed suit to affirmatively seek to stay their own litigation. Instead, this Court normally places that obligation on the first-filed court. *Save Power Ltd.*, 121 F.3d at 950. Here, the Secretary informed the first-filed court (the *Flores* court) of the *Richardson* litigation, ROA. 5168-71, yet the *Flores* Plaintiffs waited until the *Richardson* litigation had nearly caught up with theirs before seeking to intervene to protect their first-to-file interests.

Second, the *Flores* Plaintiffs claim they were unaware that the Secretary was making the same legal arguments in both *Richardson* and *Flores* and that they intervened once they discovered the similarity. Flores Br. 27. Setting aside the implausibility of the claim that they were unaware that the same defendant would make the same arguments defending the same legal challenges to the same law, the "relevant starting point is 'not when [the movant] knew or should have known that his interests would be adversely affected but, instead, when he knew that he had an interest in the case.'" *St. Bernard Par.*, 914 F.3d at 974 (quoting *Sommers*, 835 F.3d at 513). The *Flores* Plaintiffs' first-to-file interest in this case was apparent in October 2019, when they learned of the existence of the second-filed case. ROA.5168-71, 5546. If the *Flores* Plaintiffs were concerned that this case might reach judgment first, they should have sought intervention and stay at that time. They should not have assumed that the Secretary would unilaterally give up her legal arguments simply because the *Flores* court indicated it did not agree with them. Flores Br. 28-29 (faulting the Secretary for continuing to defend the signature-verification laws in this case).

Thus, it does not matter how strongly the *Flores* Plaintiffs believed their suit would reach judgment first. They had an obligation to act in a timely manner if they

wanted to protect their interests. The *Flores* Plaintiffs' explanations for their delay fall short of establishing that the district court clearly abused its discretion.

**2.** Next, courts consider whether the delay in seeking intervention would prejudice the existing parties. *St. Bernard Par.*, 914 F.3d at 974. Contrary to the purpose of the first-to-file rule (to preserve resources and comity), the *Flores* Plaintiffs allowed this case to proceed through discovery and summary-judgment briefing before deciding to argue that the litigation should be stayed. As recognized by the district court, that use of resources cannot be undone. ROA.5546.

The district court also found that allowing intervention for purposes of staying the litigation would prejudice the *Richardson* Plaintiffs, as it would delay the relief they sought. ROA.5546. While the Secretary disagrees that any relief was appropriate in this case, this finding of prejudice caused by the delay is not a clear abuse of discretion.

It was not "contradictory," as the *Flores* Plaintiffs assert, for the district court to suggest that intervention might be appropriate at a later date—when deciding what permanent injunctive relief should be ordered. Flores Br. 28. The *Flores* Plaintiffs' motion to intervene was solely for the purpose of staying litigation that was nearing completion. ROA.5112. It is a different question whether to permit intervention for the purpose of addressing the remedy.[5]

---

[5] Ultimately, the district court should not reach the question of remedy, as the signature-verification laws are constitutional and do not violate any other federal law.

**3.** As to the third factor, the *Flores* Plaintiffs claim they will suffer prejudice because they may not get their preferred remedy. *St. Bernard Par.*, 914 F.3d at 974. But, as the district court noted, they are free to seek that relief from the *Flores* court, as the district court here ordered only temporary relief. ROA.5547. And the district court invited the *Flores* Plaintiffs to seek intervention at a later date if they wished to comment on the relief to be ordered. ROA.5547. The prejudice to the *Flores* Plaintiffs, if any, is minimal.[6]

**4.** Finally, the *Flores* Plaintiffs claim the unusual circumstance of a public interest in ensuring a remedy was entered prior to the November 2020 election, in which large numbers of mail-in ballots would be used. Flores Br. 34. But the *Flores* court showed no sign of meeting that deadline: At a hearing in March 2020 in the *Flores* case, the Secretary agreed that the competing motions for summary judgment were ready for a ruling, ROA.5276-77, but other than orally denying the Secretary's motion for summary judgment and instructing the *Flores* Plaintiffs to file an amended summary-judgment motion focused on remedy, ROA.5277, the *Flores* court has taken no further substantive action in the case. ROA.5130-31. While neither the *Flores* nor the *Richardson* courts should find against the Secretary on the merits, it was

---

[6] Despite permission from this Court to file an amicus brief concerning their argument that the remedy ordered in this case was unhelpful, *Richardson*, 979 F.3d at 1106, the *Flores* Plaintiffs focused their amicus brief only on the merits. Flores Am. Br. 9-12. Thus, it is unclear exactly what additional arguments they might present that would warrant intervention in the district court.

not a clear abuse of discretion for the *Richardson* court to decline to permit intervention and stay the case if its concern was the November 2020 election.

* * *

The *Flores* Plaintiffs gambled that their case would reach judgment first without any action on their part to invoke the first-to-file rule. When it became clear their litigation strategy might not work out, they sought untimely intervention. The district court did not clearly abuse its discretion in determining that the ten-month delay in seeking to intervene and stay this case rendered the *Flores* Plaintiffs' motion untimely under Rule 24(b).

**B.  The district court did not clearly abuse its discretion in determining that intervention would prejudice the *Richardson* Plaintiffs.**

The district court also determined that allowing the intervention—not for the purpose of advancing the litigation, but for halting it—would prejudice the *Richardson* Plaintiffs. ROA.5546. Because the *Flores* and *Richardson* suits are similar, it matters little to the Secretary which one reaches judgment first. But the Secretary acknowledges that the interests asserted by the *Richardson* Plaintiffs of obtaining a remedy prior to the November 2020 election would be prejudiced by an intervention and stay. Certainly, the district court did not clearly abuse its discretion in drawing that conclusion.

**C.  The *Richardson* Plaintiffs adequately represent the *Flores* Plaintiffs' interests.**

When addressing a motion for permissive intervention, this Court has also countenanced considering "whether the intervenors are adequately represented by other

parties and whether they are likely to contribute significantly to the development of the underlying factual issues." *League of United Latin Am. Citizens*, 884 F.2d at 189. As to the latter interest, the *Flores* Plaintiffs would not have contributed anything to the development of the underlying factual issues, as their only goal was to stay the proceedings. ROA.5112. As to the adequacy of representation, "[w]hen a proposed intervenor possesses the same ultimate objectives as an existing litigant, the intervenor's interests are presumed to be adequately represented absent a showing of adversity of interest, collusion, or nonfeasance." *League of United Latin Am. Citizens*, 884 F.2d at 189. The *Richardson* and *Flores* Plaintiffs share the same ultimate objectives of having the existing signature-verification laws declared unconstitutional and replaced by a court-devised process for notice and cure. *Compare* ROA.50 (requesting declaration and injunction requiring notice and cure), *with* Second Am. Compl. at 15, *Flores v. Hughs*, No. 7:18-CV-00113 (S.D. Tex. May 9, 2019) (same). That they may have different approaches to that final outcome does not render the *Richardson* Plaintiffs' representation inadequate. So for these additional reasons, the district court's decision was not a clear abuse of discretion.

## III. The Court Should Dismiss the *Flores* Plaintiffs' Appeal.

The Court's appellate jurisdiction is provisional: If the *Flores* Plaintiffs fail to demonstrate a clear abuse of discretion, the Court has no jurisdiction and must dismiss the appeal. *Edwards*, 78 F.3d at 992. For the reasons stated above, the district court did not clearly abuse its discretion in denying the *Flores* Plaintiffs' motion for permissive intervention. The Court must, therefore, dismiss the *Flores* Plaintiffs' appeal for lack of appellate jurisdiction.

## Conclusion

The Court should dismiss the *Flores* Plaintiffs' appeal, as the *Flores* Plaintiffs have not shown that the district court clearly abused its discretion in denying their motion for permissive intervention.

Respectfully submitted.

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Judd E. Stone II
Solicitor General

Matthew H. Frederick
Deputy Solicitor General

/s/ Beth Klusmann
Beth Klusmann
Assistant Solicitor General
State Bar No. 24036918
Beth.Klusmann@oag.texas.gov

Counsel for Texas Secretary of State

## CERTIFICATE OF SERVICE

On March 8, 2021, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Beth Klusmann
BETH KLUSMANN

## CERTIFICATE OF COMPLIANCE

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 4624 words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Beth Klusmann
BETH KLUSMANN