

P.O. Box 1108
Houston, Texas 77251
832-767-3650(p) 832-554-9981(f)
texascivilrightsproject.org

February 22, 2022

VIA CM/ECF

Mr. Lyle W. Cayce, Clerk
U.S. Court of Appeals for the Fifth Circuit

Re: No. 20-50774, *Richardson, et al. v. Texas Secretary of State*

Dear Mr. Cayce:

Plaintiffs-Appellees provide this Rule 28(j) response to supplemental authorities identified by Defendant-Appellant Secretary of State ("Defendant"). Defendant alerts the Court to provisions of Senate Bill 1 ("SB1") involving the signature-comparison procedure, specifically the correction-process and rebuttable-presumption provisions, and his Election Advisory No. 2022-08, which provides guidance and directives on those provisions. Under SB1 and Defendant's advisory, the signature-comparison procedure remains unconstitutional.

SB1's mail-in ballot correction processes are either impracticable or discretionary for officials to implement. SB1 only requires officials to provide a correction process if they determine

> it would be possible for the voter to correct the defect and return the [mailed-back] carrier envelope before the time the polls are required to close on election day[.]

Tex. Elec. Code ("TEC") §§ 87.0411(b); 87.0271(b).

Depending on a political subdivision's size and type, Early Voting Ballot Boards ("EVBBs") cannot begin comparing signatures until after 7 p.m.



the Friday before Election Day or 12 days before Election Day. TEC §§ 87.022, 87.0222(a). Based on Defendant's advisory and the U.S. Postal Service's standards, a correction process by mail needs to begin prior to 14 days before Election Day. Dkt. 00516208741 at 52, 54. Because EVBBs convene later, it is impracticable for EVBBs to correct any ballot they review through the Section 87.0411(b) "required" process.

SB1's remaining correction processes are discretionary: the Election Code may require Signature Verification Committees ("SVCs") to take corrective action on ballots they review prior to 14 days before Election Day. TEC § 87.0271(b). However, SVCs are primarily only created at the discretion of Early Voting Clerks ("EVCs"), and EVCs can set SVC meetings starting any time on or after 20 days before Election Day. TEC §§ 87.027(a), (a-1), (f). Additionally, Section 87.0271(c)'s and 87.0411(c)'s email and phone correction process is explicitly discretionary.

Also, signature-comparison determinations remain arbitrary. SB1's rebuttable presumption that certain mail-in voters' application and carrier envelope signatures are theirs does not change the fact that EVBBs and SVCs lack "any standards by which [they] may determine what is a correct answer" when comparing signatures. *U.S. v. Atkins*, 323 F.2d 733, 743 (5th Cir. 1963); Response Br. 59–63.

Respectfully submitted,

Hani Mirza
Counsel for Plaintiffs